United States District Court
Southern District of Texas
**ENTERED**
January 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THOMAS EARL SMITH, §<br>TDCJ #02433337, §<br>§<br>*Petitioner*, §<br>§<br>vs. §<br>§<br>UNITED STATES OF AMERICA, §<br>§<br>*Respondent*. § | CIVIL ACTION NO. H-23-3024 |

## AMENDED MEMORANDUM OPINION AND ORDER

Petitioner Thomas Earl Smith, (TDCJ #02433337), filed a document entitled "Writ of Mandamus" in the United States District Court for the Eastern District of Texas. (Dkt. 1). In this "writ," Smith asked the Court to order that he be transferred to the custody of the Bureau of Prisons to serve his federal sentence in federal prison rather than first serving his sentences for two state-court convictions in state prison. (*Id.* at 1-2). The Eastern District construed Smith's "writ" as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and transferred it to the Southern District of Texas, where Smith is currently incarcerated. (Dkts. 3, 4). At the Court's request, Smith filed an amended petition that clarified his claims. (Dkt. 9). The Court ordered the Government to answer the amended petition, (Dkt. 10), and the

1

Government responded with a motion for summary judgment. (Dkt. 14). Smith recently filed an out-of-time response to the Government's motion. (Dkt. 17). Having reviewed the "writ" and amended petition, the motion and response, all matters of record, and the law, the Court grants summary judgment in favor of the Government and dismisses Smith's petition for the reasons explained below.

## I. **BACKGROUND**

Smith was arrested on a federal warrant during a May 1, 2022, traffic stop in Polk County, Texas. (Dkt. 1, pp. 1-2). At the time, Smith was also the subject of a state warrant out of San Augustine County, but the County declined to execute on the warrant at that time. (*Id.* at 2). Smith was transported to the Liberty County jail, where he was held solely on the federal warrant. (*Id.*). On July 14, 2022, Smith pleaded guilty to federal charges of possession of a firearm by a prohibited person and possession with intent to distribute a controlled substance, which offenses occurred in March 2019 and December 2019. *See United States v. Smith*, No. 9:22-cr-00018 (E.D. Tex. Nov. 22, 2022), at Dkt. 18.

When Smith reviewed his presentence investigation report in anticipation of his federal sentencing, he discovered that it showed that he was subject to two state-law detainers—one for a 2021 charge of possession of controlled substances with intent to deliver in San Augustine County, and one for a 2020 burglary charge in Angelina County. (Dkt. 1, p. 3). *See also* Inmate Search,

www.inmate.tdcj.texas.gov/InmateSearch (last visited Jan. 17, 2024). When Smith asked his attorney about the pending detainers, his attorney told him that they were "babysitting warrants" that would likely be dismissed once Smith was sentenced on the federal charges. (Dkt. 1, p. 3).

On November 21, 2022, the federal court sentenced Smith to a total of 84 months in prison on his federal charges. (*Id.*). Smith's plea agreement makes no reference to the pending state charges. *See Smith*, No. 9:22-cr-00018, at Dkt. 19. His federal judgment states that it "shall run concurrently to the defendant's imprisonment under any future state or federal sentence related to the instant offense; and consecutively to the defendant's imprisonment under any future state or federal sentence not related to the instant offense." *Id.* at Dkt. 33. Despite the absence of any language regarding his pending state charges in the judgment, Smith alleges that he was "under the understanding from counsel" that he would serve his federal sentence first, before serving any state sentences. (Dkt. 1, p. 3).

Smith alleges that on December 1, 2022, he was transported to San Augustine County for proceedings on his pending state charges in that county. (*Id.*). In January 2023, Smith was transferred to Angelina County to address the state charges pending there. (*Id.* at 4). Smith ultimately pleaded guilty to both state charges, and he was sentenced in late January 2023 to five years in prison on each conviction, with the sentences to run concurrently with each other. (*Id.*). Smith alleges that his state plea

3

agreement included a provision that his state sentences would run concurrently with his federal sentence, but no copy of that plea agreement is in the record. (*Id.*).

Smith alleges that after he resolved his state charges, he asked the Angelina County transportation supervisor to arrange for his transport back to federal custody so that he could begin serving his federal sentence in a federal prison. (*Id.*). Smith alleges that the transportation supervisor told him that the U.S. Marshals had instructed her to transfer Smith to TDCJ custody to serve his state sentences first. (*Id.*). Smith alleges that this instruction was incorrect because he resolved his federal charges first and so should be required to serve his federal sentence in federal prison first. (*Id.*). When Smith was unable to resolve the issue with TDCJ, he filed this petition.

As relief, Smith asks the Court to order the Bureau of Prisons to take custody of him and transfer him to a federal prison so that he can serve his federal sentence first. (*Id.*). He also requests that the Court order his state and federal sentences to run concurrently and order that he be given credit against his federal sentence for all of his time spent in TDCJ custody. (*Id.*).

The Government responded to Smith's petition with a motion for summary judgment. (Dkt. 14). In that motion, the Government asserts that Smith's petition should be denied because he has no standing to challenge the order in which his state and federal sentences are being served. (*Id.* at 2).

4

In his response, Smith reargues the points he made in his original petition. (Dkt. 17). He also contends that the case law cited by the Government is factually distinguishable. (*Id.* at 3). He alleges that the Government's cases refer to situations in which a state "loans" a defendant to the federal government for prosecution, while in his case he was in federal custody and was "loaned" to the state. (*Id.*). He also asserts, without citation to authority, that he does have standing to raise the issue and that there is no agreement between the Government and the state concerning how he will serve his sentences. (*Id.*).

## II.     DISCUSSION

Smith raises three separate but related claims: first, because he was sentenced in federal court before he was sentenced in state court, he should serve his federal sentence in federal prison before serving his state sentences; second, his state and federal sentences should be served concurrently; and third, he should be awarded credit against his federal sentence for the time served on his state sentences. The law does not support any of these arguments.

### A.     Order of Sentences

Smith's primary contention is that he should serve his federal sentence first because he was convicted and sentenced in federal court before he was convicted and sentenced in state court. But the order in which federal and state sentences are imposed is not dispositive of how they will be served. Instead, "the federal

5

government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion." *Yusufu v. U.S. Bureau of Prisons*, 129 F.3d 608, 1997 WL 681027, at *1 (5th Cir. 1997) (per curiam) (quoting *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980)). Accordingly, "[a] person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." *Disiere v. Dretke*, No. Civ. A. 504CV086-C, 2004 WL 962831, at *2 (N.D. Tex. Apr. 27, 2004) (quoting *Causey*, 621 F.2d at 694), *aff'd*, 115 F. App'x 210 (5th Cir. 2004); *see also United States v. Basaldua*, No. 07-60037, 2015 WL 13723776, at *6-7 (W.D. La. Feb. 17, 2015) (specifically rejecting a prisoner's argument that he should be permitted to serve his federal sentence before his state sentences because he was sentenced first in federal court).

In this case, while the federal government may have had the power to require that Smith serve his federal sentence first, it was not required to exercise that power in that manner, and it elected not to do so. *See Causey*, 621 F.2d at 693. Smith cannot challenge the federal government's decision on how to exercise its authority, and his bare assertion that this controlling Fifth Circuit precedent does not apply to his case is unpersuasive. He is not entitled to an order requiring his transfer to the Bureau of Prisons, and his claim for this relief is denied.

6

**B.     Concurrent Sentences**

Smith also contends that he entitled to credit against his federal sentence for the time he is serving in state prison because his state and federal sentences were ordered to run concurrently. The record does not support this argument.

"[F]ederal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (per curiam) (citing 18 U.S.C. § 3584(a)). The district court in Smith's case ordered that any state sentences "relating to" his federal sentences would run concurrently with his federal sentence but that unrelated state sentences would run consecutively. Smith's federal offenses occurred in March 2019 and December 2019, *see Smith*, No. 9:22-cr-00018, at Dkt. 1, while his state offenses occurred in July 2020 and October 2021. *See* Inmate Search, www.inmate.tdcj.texas.gov/InmateSearch (last visited Jan. 17, 2024). Nothing in the record shows that Smith's state convictions are "related to" his federal convictions. Therefore, in the absence of evidence to the contrary, Smith's state and federal sentences are presumed to run consecutively to each other—not concurrently.

In support of his argument, Smith asserts that his state plea agreement provides that his state sentences will run concurrently with his federal sentence.

7

Even if this is true, it does not entitle Smith to relief because a state sentencing judge has no authority to dictate how a federal sentence will be structured. *See Leal v. Tombone*, 341 F.3d 427, 428-29 (5th Cir. 2003) (per curiam) (citing *Del Guzzi v. United States*, 980 F.2d 1269, 1270 (9th Cir. 1992) (per curiam)); *Basaldua*, 2015 WL 13723776, at *7 ("The state judge's subsequent order that the state sentence run concurrently is not binding on the Federal Bureau of Prisons.").

Smith has not shown that his state and federal convictions are related so as to bring them within the provision of his federal judgment regarding concurrent time. He is therefore not entitled to an order requiring his state and federal sentences to be served concurrently.

### C. Credit Against Federal Sentence

Finally, Smith contends that because his sentences were ordered to run concurrently, he should be entitled to credit against his federal sentence for his time served in state prison. Even if Smith could show he was entitled to concurrent sentences, he would not be entitled to such an order from this Court.

Federal law permits a prisoner to be "given credit toward his term of federal imprisonment for any time he spent in official detention prior to the commencement of his sentence 'that has not been credited against another sentence.'" *Leal*, 341 F.3d at 428 (quoting 18 U.S.C. § 3585(b)). Generally, this means that "a prisoner cannot receive credit for time that was already credited toward a state sentence." *Smith v.*

*McConnell*, 950 F.3d 285, 288 (5th Cir. 2020) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 333-37 (1992)).

However, it is not up to this Court to determine whether Smith is entitled to such credit. Instead, "the Attorney General, through the Bureau of Prisons, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal*, 341 F.3d at 428. Therefore, when Smith's state sentences are completed, he will be taken into federal custody, at which time the Bureau of Prisons will determine what credit (if any) he is entitled to for his time spent in state custody. *See Wilson*, 503 U.S. at 331-35.

This Court has no authority to order the Bureau of Prisons to credit Smith with the time spent serving his state sentences against his federal sentence, and his petition seeking this relief is denied.

## III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The Government's motion for summary judgment, (Dkt. 14), is **GRANTED**.
2. Smith's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** with prejudice.
3. Any pending motions are denied as moot.
4. Final judgment will be separately entered.
5. No Certificate of Appealability will be issued. *See Pack v. Yusuff*, 218 F.3d

9

448, 451 n.3 (5th Cir. 2000) ("A COA is not required to appeal the denial of a § 2241 petition.").

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, on _____Jan 30_____, 2024.

*David Hittner*

DAVID HITTNER
UNITED STATES DISTRICT JUDGE